UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) Case No. 11 C 2487 |
| v. | ) |
| AMBERVINE MARKETING LLC, a Minnesota limited liability company, | ) |
| ENCASTLE INC., a Texas corporation, and | ) |
| ZACHARY S. GRAHAM, individually and as officer of AMBERVINE MARKETING LLC and ENCASTLE INC., | ) |
| Defendants. | ) |

**COMPLAINT FOR PERMANENT INJUNCTION
AND OTHER EQUITABLE RELIEF**

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1. The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain temporary, preliminary, and permanent injunctive relief, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

3. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b).

## PLAINTIFF

4. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces Section 12 of the FTC Act, 15 U.S.C. § 52, which prohibits false advertisements for food, drugs, devices, services, or cosmetics in or affecting commerce.

5. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b) and 56(a)(2)(A).

## DEFENDANTS

6. Defendant Ambervine Marketing LLC ("Ambervine") is a Minnesota limited liability company with its principal place of business at 5515 25th Avenue NW, Rochester, Minnesota 55901. Ambervine transacts or has transacted business in this district and throughout the United States. At all times material to this Complaint, acting alone or in concert with others, Ambervine has advertised, marketed, and promoted weight loss and other products to consumers throughout the United States.

7. Defendant Encastle Inc. ("Encastle"), is a Texas corporation with its registered address at 16055 Space Center Boulevard, Suite 235, Houston, Texas 77062, and its principal place of business at 5515 25th Avenue NW, Rochester, Minnesota 55901. Encastle transacts or has transacted business in this district and throughout the United States. At all times material to

this Complaint, acting alone or in concert with others, Encastle has advertised, marketed, and promoted weight loss and other products to consumers throughout the United States.

8. Defendant Zachary S. Graham ("Graham") resides at 5515 25th Avenue NW, Rochester, Minnesota 55901, and is a manager of Ambervine and an owner, officer, or director of Encastle. At all times material to this Complaint, acting alone or in concert with others, Defendant Graham has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Ambervine and Encastle, including the acts and practices set forth in this Complaint. Among other things, Defendant Graham has managed and paid for advertising and domain names used by Ambervine and Encastle. Defendant Graham, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

## COMMERCE

9. At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

10. Since at least 2009, Defendants have advertised, marketed, and promoted various products to consumers throughout the United States, including weight loss products such as Acai Optimum, Acai Para Slim, Acai Berry Active, Acai Extreme Plus, LeanSpa Acai, Acai Weight Loss, Acai Maximum, Acai Berry Select and Natura Cleanse (the "Acai Berry Products").

11. Defendants promote these products through websites designed to look like news reports. The sites use domain names such as usahealthnewstoday.org and usahealthreportstoday.org, and include titles such as USA Health News. The sites often include

the names and logos of major broadcast and cable television networks, falsely representing that the reports on the sites have been seen on these networks.

12. Defendants' websites purport to provide objective investigative reports authored by reporters or commentators sometimes pictured on the sites. The supposed authors of the reports claim to have tested the products on themselves or others with dramatic and positive results.

13. In fact, Defendants' news reports are fake. Reporters or commentators pictured on the websites are fictional and never conducted the tests or experienced the results described in the reports. The tests and results described on the sites never happened.

14. The sole purpose of Defendants' websites is to promote the featured products on behalf of third-party merchants who then sell the products on other websites. Defendants' promotional websites are designed to entice consumers to click on links that will transfer them to a merchant's website. Defendants receive a commission or other payment for each consumer who clicks on a link and ultimately makes a purchase or signs up for a "free trial" on the merchant's website. In this context, Defendants commonly are referred to as "affiliate marketers."

15. Defendants have failed to disclose in a clear and conspicuous manner that they are not objectively evaluating these products and, in fact, are being paid to promote the products. Defendants' websites either fail entirely to disclose these facts, or fail to do so adequately. The relevant information, if disclosed at all, typically appears in small type at the bottom of the web page, well below the links to the products being sold.

16. In promoting products through their websites, Defendants also make deceptive claims about the products. Defendants have represented, for example, that the Acai Berry

Products, alone or in combination with a companion product, cause rapid and substantial weight loss. Defendants typically claim on their sites that the average person who tested the Acai Berry Products, alone or in combination with a companion product, lost twenty-six pounds or more in one month without any special diet or intense exercise.

17. In truth and in fact, the Acai Berry Products, alone or in combination with a companion product, do not cause rapid and substantial weight loss, nor do Defendants possess and rely upon a reasonable basis to substantiate representations that consumers who use these products will rapidly lose a substantial amount of weight.

## VIOLATIONS OF THE FTC ACT

18. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

19. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act. Section 12 of the FTC Act, 15 U.S.C. § 52, prohibits the dissemination of any false advertisement in or affecting commerce for the purpose of inducing, or which is likely to induce, the purchase of food, drugs, devices, services, or cosmetics. For the purposes of Section 12 of the FTC Act, 15 U.S.C. § 52, the Acai Berry Products are either "food[s]" or "drug[s]" as defined in Sections 15(b) and (c) of the FTC Act, 15 U.S.C. § 55(b), (c).

## COUNT ONE

### False and Unsubstantiated Product Claims

20. Through the means described in Paragraphs 10 through 17 of this Complaint, Defendants have represented, directly or indirectly, expressly or by implication, that use of the

Acai Berry Products, alone or in combination with a companion product, will result in rapid and substantial weight loss, including as much as twenty-six pounds or more in one month.

21. The representations set forth in Paragraph 20 of this Complaint are false or were not substantiated at the time the representations were made.

22. Therefore, the making of the representations as set forth in Paragraph 20 of this Complaint constitutes a deceptive act or practice and the making of false advertisements, in or affecting commerce, in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

## COUNT TWO

### Misrepresentations (Fake News Reports)

23. Through the means described in Paragraphs 10 through 17 of this Complaint, Defendants have represented, directly or indirectly, expressly or by implication, that:

   a. Defendants' websites are objective news reports; and

   b. Objective news reporters have performed independent tests demonstrating the effectiveness of the products featured, including the Acai Berry Products, alone or in combination with a companion product.

24. In truth and in fact:

   a. Defendants' websites are advertisements made to appear as objective news reports; and

   b. Objective news reporters have not performed independent tests demonstrating the effectiveness of the products featured, including the Acai Berry Products, alone or in combination with a companion product.

25. Therefore, the making of the representations as set forth in Paragraph 23 of this Complaint constitutes a deceptive act or practice, in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT THREE

### Failures to Disclose (Connection to Seller)

26. In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of the Acai Berry Products and other products, including through the means described in Paragraphs 10 through 17 of this Complaint, Defendants have represented, directly or indirectly, expressly or by implication, that the content of their websites has been authored by an objective journalist who has conducted independent tests.

27. In numerous instances in which Defendants have made the representation set forth in Paragraph 26 of this Complaint, Defendants have failed to disclose or disclose adequately to consumers that the content of Defendants' websites has not been authored by an objective journalist but is in fact an advertisement placed by Defendants. Defendants receive commissions or other payments when consumers purchase the products or sign up for "free trials" on the product-selling websites.

28. Defendants' failure to disclose or disclose adequately the material information described in Paragraph 27 of this Complaint, in light of the representation described in Paragraph 26 of this Complaint, constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**CONSUMER INJURY**

29. Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act. In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

**THIS COURT'S POWER TO GRANT RELIEF**

30. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

A. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to, temporary and preliminary injunctions, an order preserving assets, and an accounting;

B. Enter a permanent injunction to prevent future violations of the FTC Act by Defendants;

C. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, including but not limited to, rescission or

reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

      D.      Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

      Respectfully submitted,

      WILLARD K. TOM
      General Counsel

Dated: April 13, 2011      s/Guy G. Ward
      GUY G. WARD
      Federal Trade Commission
      55 West Monroe Street, Suite 1825
      Chicago, Illinois 60603
      (312) 960-5634 [main]
      (312) 960-5612 [direct]
      (312) 960-5600 [facsimile]
      gward@ftc.gov

      Attorney for Plaintiff
      FEDERAL TRADE COMMISSION