## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | Case No. 11 C 2487 |
| ) | |
| v. ) | Judge Bucklo |
| ) | |
| AMBERVINE MARKETING LLC, ) | Magistrate Judge Schenkier |
| a Minnesota limited liability company, ) | |
| ) | |
| ENCASTLE INC., ) | |
| a Texas corporation, and ) | |
| ) | |
| ZACHARY S. GRAHAM, individually and as an ) | |
| officer of AMBERVINE MARKETING LLC and ) | |
| ENCASTLE INC., ) | |
| ) | |
| Defendants. ) | |

### [PROPOSED] **TEMPORARY RESTRAINING ORDER**
### **WITH OTHER EQUITABLE RELIEF AND ORDER TO SHOW**
### **CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), having filed its

Complaint for Permanent Injunction and Other Equitable Relief in this matter, pursuant to

Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and having

moved for a Temporary Restraining Order with Other Equitable Relief, and an Order to Show

Cause Why a Preliminary Injunction Should Not Issue pursuant to Rule 65 of the Federal Rules

of Civil Procedure, and the Court having considered the Complaint, declarations, exhibits, and

memorandum of law filed in support of such motion, and now being advised in the premises,

finds that:

**FINDINGS**

1.      This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over the parties.

2.      Venue lies properly with this Court.

3.      There is good cause to believe that Defendants Ambervine Marketing LLC, Encastle Inc., and Zachary S. Graham ("Defendants") have engaged in, and are likely to engage in the future in, acts and practices that violate Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52, and that the Commission is therefore likely to prevail on the merits of this action.

4.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, assignment, or other disposition or concealment by Defendants of their assets or records unless Defendants are immediately restrained and enjoined by order of this Court.  Therefore, there is good cause for the entry of the ancillary relief contained in this Order, including an order preserving Defendants' assets and prohibiting the Defendants from destroying records.

5.      Weighing the equities and considering the Commission's likelihood of ultimate success, this Temporary Restraining Order is in the public interest.

6.      No security is required of any agency of the United States for the issuance of a temporary restraining order.  *See* Fed. R. Civ. P. 65(c).

**DEFINITIONS**

For purposes of this Temporary Restraining Order ("Order"), the following definitions shall apply:

1.  **"Acai Berry Product"** or **"Acai Berry Products"** shall refer to any products, sold alone or in combination with companion products, that are advertised, marketed, promoted, offered for sale, distributed, or sold with express or implied representations that the product contains acai berries.

2.  **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

3.  **"Assisting others"** includes, but is not limited to: (a) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (c) providing names of, or assisting in the generation of, potential customers; (d) verifying, processing, fulfilling, or arranging for the fulfillment of orders; (e) performing or providing marketing, billing, or collection services of any kind, including, but not limited to, creating, hosting, or maintaining websites, or recruiting affiliates; or (f) acting as an officer or director of a business entity.

4.  **"Competent and reliable scientific evidence"** means tests, analyses, research, or studies that have been conducted and evaluated in an objective manner by qualified persons and are generally accepted in the profession to yield accurate and reliable results.

5.  **"Individual Defendant"** means Zachary S. Graham, and by whatever other names he may be known.

6.      **"Corporate Defendants"** means Ambervine Marketing LLC, Encastle Inc., and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

7.      **"Covered Product"** means any dietary supplement, food, or drug, including but not limited to, Acai Berry Products.

8.      **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

9.      **"Document" or "Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or nonidentical copy is a separate Document within the meaning of the term.

10.     **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

11.     **"Material connection"** means any relationship that materially affects the weight or credibility of any endorsement and that would not be reasonably expected by consumers.

12.     **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

13.     **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

# I.

## PROHIBITED BUSINESS ACTIVITIES
## RELATING TO ANY PRODUCT, SERVICE, OR PROGRAM

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product, service, or program, are hereby temporarily restrained and enjoined from:

      A.      Misrepresenting, or assisting others in misrepresenting, any material fact, expressly or by implication, including, but not limited to, that:

              1.      Any website or other publication is an objective news report;

              2.      Objective news reporters have performed independent tests of any product, service, or program, including but not limited to, Acai Berry Products;

              3.      Independent tests demonstrate the effectiveness of any product, service, or program featured in any website or other publication, including but not limited to, Acai Berry Products; and

              4.      Comments posted on websites express the views of independent consumers;

      B.      Failing to disclose, or disclose adequately:

              1.      Any material connection, when one exists, between any user or endorser of any product, service, or program and Defendants or any other person manufacturing,

advertising, labeling, promoting, offering for sale, selling or distributing such product, service, or program; and

       2.     If applicable, that the content of any website or other publication has not been authored by an objective journalist but is in fact an advertisement placed for compensation.

## II.

### PROHIBITED BUSINESS ACTIVITIES
### RELATING TO ANY COVERED PRODUCT

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any Covered Product, are hereby temporarily restrained and enjoined from making, or assisting others in making, expressly or by implication, including through the use of a product name, endorsement, depiction, or illustration, any representation that such product causes weight loss or rapid weight loss and any other representation about the health benefits, performance, or efficacy of such product, unless the representation is non-misleading, and, at the time of making such representation, Defendants possess and rely upon competent and reliable scientific evidence, as that term is defined above, that is sufficient in quality and quantity based on standards generally accepted in the scientific fields, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate the representation is true.

## III.

## ASSET PRESERVATION

**IT IS FURTHER ORDERED** that:

A.      Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from directly or indirectly selling, transferring, alienating, liquidating, encumbering, pledging, loaning, assigning, concealing, dissipating, converting, withdrawing or making any other disposition of any assets or any interest therein, wherever located, including any assets outside the territorial United States, that are owned, controlled or held by, or for the benefit of, in whole or in part, Defendants, or in the actual or constructive possession of Defendants, other than those assets that are used for actual, ordinary, and necessary business or living expenses that Defendants reasonably incur.

B.      The assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

C.      Notwithstanding Section III.A above, Defendants may withdraw, transfer, encumber, or otherwise dissipate assets in excess of five thousand dollars ($5,000) per calendar month only with prior written agreement by counsel for the Commission, or prior approval by the Court.

D.      To the extent that Defendants withdraw, transfer, encumber, or otherwise dissipate assets pursuant to Section III.A of this Order, they shall provide an accounting of their expenses to counsel for the Commission for each calendar month.

## IV.

## FINANCIAL REPORTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that at least three (3) calendar days prior to the preliminary injunction hearing in this matter, and in no event later than ten (10) calendar days after entry of this Order, Defendants shall each provide to counsel for the Commission:

A.      A completed financial statement accurate as of the date of entry of this Order, in the form provided as **Attachment A** for individuals and **Attachment B** for businesses, as the case may be, signed under penalty of perjury.  The financial statements shall include assets held outside the territory of the United States, shall be accurate as of the date of the entry of this Order, and shall be verified under oath.  Defendants shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements; and

B.      A detailed accounting of:

1.      the names of all products advertised, marketed, promoted, offered for sale, distributed, or sold since January 1, 2008;

2.      gross revenues and net profits (in U.S. Dollars) obtained from the advertising, marketing, or sale of each product identified in Subsection IV.B.1 above, from inception of the advertising, marketing, or sale of that product through the date of entry of this Order; and

3.      the name, address, telephone number, e-mail address, website address, and contact person of each entity or person that: (i) supplied, manufactured, formulated, or created any product that is advertised, marketed, promoted, offered for sale, distributed, or sold by or on behalf of Defendants, (ii) provided any order fulfillment services of any kind, including, but not

Page 8 of 15

limited to, drop shipping, mailing, and/or distributing products, for or on behalf of Defendants, and (iii) paid Defendants, whether directly or indirectly, related to Defendants' advertisement of any products.

## V.

## POSTING NOTICE OF LAWSUITS ON WEBSITES

**IT IS FURTHER ORDERED** that, immediately upon service of the Order upon them, Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, and any other person or entity served with a copy of this Order, shall immediately take whatever action is necessary to ensure that any website used by any Defendant for the advertising, marketing, promotion, offering for sale, or sale of Acai Berry Products shall prominently display the following statement:

> The Federal Trade Commission ("FTC") has filed a lawsuit against Ambervine Marketing LLC, Encastle Inc., and Zachary S. Graham, alleging that they have engaged in deceptive practices relating to the advertising, marketing, promotion, offering for sale, or sale of acai berry products. The United States District Court for the Northern District of Illinois has issued a temporary restraining order prohibiting the alleged practices. You may obtain additional information directly from the FTC at www.ftc.gov.

Each website carrying this message shall also provide a hypertext link to the FTC's home page at www.ftc.gov, or another website designated by counsel for the Commission.

## VI.

## PRESERVATION OF RECORDS AND REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of

them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from:

A.      Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, and the disbursements, transactions, dispositions, and uses of Defendants' assets;

B.      Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically-stored materials, that relate in any way to: the business practices or business or personal finances of Defendants; the business practices or finances of entities directly or indirectly under the control of Defendants; or the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

C.      Creating, operating, or exercising any control over any business entity, whether newly-formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## VII.

## EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), the parties are granted leave, at any time after entry of this Order to:

A. Take the deposition of any person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action; and

B. Demand the production of Documents from any person, whether or not a party, relating to the nature, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action.

Three (3) days notice shall be deemed sufficient for any such deposition, five (5) days notice shall be deemed sufficient for the production of any such documents, and twenty-four (24) hours notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data. The provisions of this Section shall apply both to

parties to this case and to non-parties. The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the United States District Court for the Northern District of Illinois, including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A). Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section IX of this Order.

## VIII.

### DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each of their corporations, subsidiaries, affiliates, divisions, directors, officers, agents, partners, successors, assigns, employees, attorneys, agents, representatives, sales entities, sales persons, telemarketers, independent contractors, and any other persons in active concert or participation with them. Within ten (10) calendar days from the date of entry of this Order, each Defendant shall serve on the Commission an affidavit identifying the name, title, address, telephone number, date of service, and manner of service of each person or entity Defendants served with a copy of this Order in compliance with this provision.

## IX.

### SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail, personal or overnight delivery, or by U.S.

Mail, by agents and employees of the Commission, by any law enforcement agency, or by private process server, upon any person that may have possession or control of any document of Defendants, or that may be subject to any provision of this Order.

## X.

## CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a consumer or credit report concerning any Defendant to the Commission.

## XI.

## DURATION OF THE TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on _____, 2011, at __ _.m. (Central Daylight Time), unless, within such time, for good cause shown, the Order is extended, or unless, as to any Defendant, the Defendant consents that it should be extended for a longer period of time.

## XII.

## ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65(b), that Defendants shall appear before this Court, (on the _____ floor of the Dirksen Federal Courthouse, 219 S. Dearborn Street, Chicago, Illinois,) on the _____ day of _____, 2011, at _____ o'clock ___.m., to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining them from further violations of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52, and imposing such additional relief as may be appropriate.

**Provided that,** Defendants must file with the Clerk's Office and deliver to the counsel for the Commission any brief responding to the order to show cause why a preliminary injunction should not be entered no later than three (3) business days before the time scheduled for the hearing. An evidentiary hearing on the Commission's request for a preliminary injunction is not necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue. *See, e.g.*, *In re Aimster*, 334 F.3d 643, 653-54 (7th Cir. 2003); *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 814 (7th Cir. 2002).

**Provided further that,** live testimony shall be heard only on further order of this Court or on motion filed with the Court. Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than one (1) day prior to the preliminary injunction hearing in this matter, provided that service shall be performed by personal or overnight delivery, by electronic filing, or by facsimile, and Documents shall be delivered so that they shall be received by the other parties no later than 4:00 p.m. Central Daylight Time on the appropriate dates listed in this Section. If any party to this action intends, after Court approval, to present the testimony of any witness at the hearing on a Preliminary Injunction in this matter, that party shall, at least 24 hours prior to the scheduled date and time of hearing, file with this Court and serve on all other parties a statement disclosing the name, address, and telephone number of any such witness, and either a summary of the witness' expected testimony, or the witness' affidavit revealing the substance of such witness' expected testimony.

## XIII.

## CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF

**IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and pleadings to the Commission shall be addressed to:

> Guy G. Ward
> Federal Trade Commission
> 55 West Monroe Street, Suite 1825
> Chicago, Illinois 60603
> (312) 960-5634 [Telephone]
> (312) 960-5600 [Facsimile]

## XIV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED,** this _____ day of _____, 2011, at _____ __.m.


_____
United States District Judge